Jerry T. WILSON, Plaintiff-Appellant,

v.

**TOLEDO AREA SHEET METAL JOINT APPRENTICESHIP COMMITTEE and United Roofing and Sheet Metal, Inc., Defendants-Appellees.**

No. 76–1334.

United States Court of Appeals, Sixth Circuit.

Argued June 21, 1977.

Decided Aug. 12, 1977.

Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, Robert E. Kopp, Frederic D. Cohen, App. Section, Civ. Div., Dept. of Justice, William H. Berger, Dept. of Labor, Washington, D. C., for plaintiff-appellant.

Joseph J. Allotta, Gallon, Kalniz & Iorio, Victor A. Rosenberger, Jr., Kitchen & Rosenberger, Toledo, Ohio, for defendants-appellees.

Before WEICK and ENGEL, Circuit Judges, and WEINMAN, Senior District Judge.*

PER CURIAM.

This is an appeal from an entry of summary judgment denying Appellant any relief under the Vietnam Era Veteran's Readjustment Assistance Act of 1974 (38 U.S.C. § 2021 *et seq.*).

Plaintiff-appellant took an apprenticeship qualification examination in May 1970 given by the Toledo Area Sheet Metal Joint Apprenticeship Committee (JAC), an organization composed of representatives of the Toledo Sheet Metal and Roofing Contractors Association, Inc., and the Sheet Metal Workers International Association A.F.L., Local No. 6. JAC had been created by a written agreement between the Contractors Association and Local No. 6, to be basically responsible for the local selection and training of apprentices in the sheet metal trade.

Appellant received an overall score of 91 on the examination, which consisted of a physical examination, oral interview and written test. This score placed Appellant in position number seven on the 1971 eligibility list for the apprenticeship program. Under the agreement, JAC fills vacancies of any participating contractor from the list of applicants, with priority given to the applicant with the highest score and proceeding in descending order of ranking.

On December 21, 1970, Appellant left his job as a roofer with United Roofing & Sheet Metal, Inc. and entered military service on January 11, 1971. He served honorably until his discharge on January 5, 1973.

During 1971 only one applicant of the 1971 eligibility list was placed in an apprenticeship position. In accordance with the agreement between the Contractors Association and Local No. 6, the list is in force for one year, and applicants not placed within that year must reapply for inclusion on the list for the following year, with the option of being ranked on the basis of their old scores or of new scores upon reexamination. Appellee JAC did not place Appellant on the 1972 eligibility list because he was not available for employment, nor on the 1973 eligibility list because Appellant was still in military service when the 1973 list was established.

Appellant contends on this appeal that he occupied a position in the employ of JAC prior to his induction into military service

* The Honorable Carl A. Weinman, Senior Judge, United States District Court for the Southern District of Ohio, sitting by designation.

entitling him to veterans' reemployment rights. Furthermore, Appellant argues that JAC is an "employer" within the meaning of the veterans' reemployment rights statute, 38 U.S.C. § 2021.

In the order from which the present appeal is taken, District Judge Nicholas J. Walinski stated:

"In the present case, plaintiff has not accrued substantial employment rights with JAC, . . . but rather, he had attained a numerical 'position' on the eligibility list from which participants in an apprenticeship program were chosen.

. . . In short, plaintiff had not attained a position in the apprenticeship program, but rather, was merely an applicant for such position."

Appellant has cited no cases to this Court which would give the Vietnam Era Veterans Readjustment Act of 1974, or prior veterans reemployment rights statutes, such a broad construction as to include an applicant on an eligibility list within its protection.

A "position in the employ of any employer" includes any relationship in which an individual "renders regular and continuing service to another." *Brown v. Luster*, 165 F.2d 181, 184 (9th Cir. 1947). To equate an applicant for an apprenticeship position with an individual rendering regular and continuing service to another would stretch the language of the Act beyond its reasonable meaning. *See Congregation of Brothers of St. Francis Xavier v. Grone*, 164 F.2d 689 (6th Cir. 1947). An applicant is not subject to the "direction and control [of another] as to the method and manner of performing his duties and in the result to be accomplished." *King v. Southwestern Greyhound Lines*, 169 F.2d 497 (10th Cir. 1948). Since an applicant performs no duties for another, he cannot be considered to occupy a position in the employ of another.

Judge Walinski has made an excellent analysis of this issue. In view of our finding that Appellant did not occupy a position in the employ of any employer, it is unnecessary to consider whether JAC is an employer within the meaning of the Act.

For the reasons hereinabove set forth, the judgment of the District Court is affirmed.